IN RE APPLICATION OF BONETTI.

[Cite as *In re Application of Bonetti,* 117 Ohio St.3d 113, 2008-Ohio-503.]

(No. 2007–1682—Submitted November 7, 2007—Decided February 14, 2008.)

―――――――

**Per Curiam.**

{¶ 1} Applicant, Brian Scott Bonetti, is a candidate for admission to the Ohio bar and has applied to take the Ohio bar examination. The Board of Commissioners on Character and Fitness has recommended that we disapprove Bonetti's application for admission and his application to take the bar exam based on findings that he failed to participate in proceedings to assess his character, fitness, and moral qualifications. On review, we agree with the board and accept the recommendation to disapprove his application.

{¶ 2} Since receiving his law degree in September 2003, the applicant has been unable to pass the Ohio bar examination. The applicant most recently filed an application in November 2005 to retake the exam, seeking permission to sit for the test to be administered in February 2006. Pursuant to Gov.Bar R. I(7)(D), the Columbus Bar Association's admissions committee reviewed Bonetti's application, and it approved his character, fitness, and moral qualifications.

{¶ 3} In September 2005, the United States Department of Treasury, Office of the Comptroller of the Currency found that the applicant had misappropriated money while working for National City Bank in Cleveland, Ohio. Upon receiving notice of these findings, this court's Office of Bar Admissions removed the applicant from the February 2006 list of bar examinees. The board thereafter invoked its authority under Gov.Bar R. I(10)(B)(2)(e) to sua sponte investigate the applicant's qualifications for bar admission, in light of the comptroller's order.

{¶ 4} According to the comptroller's order, the applicant used his position as a service representative for National City Bank during 2001 to misappropriate loan proceeds:

{¶ 5} "Over a seven-month period, [the applicant] diverted funds from thirteen loans he made to customers of the bank. In each instance, [the applicant] caused one or more checks to be issued that he used to make loan payments that directly or indirectly benefited him, or to make deposits into accounts in which he had a direct or indirect beneficial interest. In furtherance of this scheme, he falsified loan documents to conceal his misconduct. These acts involved a reckless disregard for the safety and soundness of the Bank, violations of law, and repeated breaches of his fiduciary duty to the Bank. [The applicant's] misconduct resulted in a loss to the Bank of $84,970 and personal gain to [the applicant] in excess of $19,000."

{¶ 6} The comptroller had made these findings by default in September 2005 after the applicant failed to respond both to notices of the charges against him and to an order to answer and show cause why he had not answered. The comptroller ordered the applicant to pay $19,000 in restitution to National City Bank and to pay a civil monetary penalty of $81,000. The comptroller also obtained an order of prohibition from the Board of Governors of the Federal Reserve System, barring the applicant from further participation in the banking industry.

{¶ 7} The director of the United States Department of Treasury, Enforcement and Compliance Division, reported the findings against the applicant to the Office of Bar Admissions. In February 2006, the board appointed a panel to hear further evidence of the applicant's qualifications. The applicant, who had e-mailed the Office of Bar Admissions in January 2006 to advise it of his new address, did not reply to a return e-mail or to the panel chairman's numerous

telephone calls and letters to the two addresses on file. He also did not respond to notices of scheduled proceedings or participate in a prehearing conference.

{¶ 8} In June 2006, the chairman wrote to the applicant, again at both addresses on file, and warned that the impending hearing would be canceled unless the applicant contacted him at least two days before the hearing. The chairman's letter also confirmed that the applicant would not be permitted to take the bar exam without first proving his character, fitness, and moral qualifications through the board's hearing process. The applicant did not respond to the chairman's letter.

{¶ 9} Gov.Bar R. I(12)(C)(6) requires an applicant for admission to the practice of law to establish his or her present character, fitness, and moral qualifications with clear and convincing evidence. Requiring the applicant's forthright, conscientious participation in proceedings before the board, the rule further provides that an applicant's "failure to provide requested information * * * or otherwise to cooperate in proceedings before the Board may be grounds for a recommendation of disapproval."

{¶ 10} Adopting the panel's report and recommendation for disapproval, the board observed:

{¶ 11} "In this case, Applicant, Brian Bonetti, has failed to cooperate with the Admissions Office and the Panel. He has failed to respond to numerous phone messages, email messages, and letters regarding this *sua sponte* investigation. Applicant, Brian Bonetti, failed to participate in a pretrial conference, resulting in the cancellation of the scheduled Hearing. In light of the above, the panel finds that Applicant, Brian Bonetti, has failed to cooperate in the character and fitness process and has failed to meet his burden of proving he has the requisite character and fitness to be allowed to sit for the Ohio Bar Exam."

{¶ 12} Having failed to participate in the character-and-fitness-review process, the applicant is unable to sustain his burden of proof under Gov.Bar R. I(12)(C)(6) and show that he is now qualified for bar admission. We therefore accept the recommendation to disapprove his application to take the bar exam and for admission to the practice of law in Ohio. To apply for bar admission in the future, the applicant must complete the entire admission process again, including (1) filing an application to register as a candidate for admission to the practice of law and an application to take the bar examination and (2) undergoing the character-and-fitness-review process and obtaining a report from the National Conference of Bar Examiners.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

Bricker & Eckler, L.L.P., Richard C. Simpson, and John P. Beavers, for the Columbus Bar Association.